JUDGE HOLWELL

**07 CIV 8382**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------x
FERNANDO HART and SALEWA THOMAS,

                Plaintiffs

      - against -

MTI COMPUTER SERVICES, INC.

                Defendant.
----------------------------------------------------------------x

COMPLAINT

SEP 27 2007
U.S.D.C. CASHIER

      Plaintiffs, by their attorneys, the Law Offices of Jonathan Weinberger, as and for their complaint, respectfully allege as follows:

### JURISDICTION AND VENUE

    1.    This action is brought pursuant to Title VII of the Civil Rights Act of 1964, as amended, the Civil Rights Act of 1871, 42 USC § 1981, and to remedy discrimination under the New York State Human Rights Law (the "HRL") and the Administrative Code of the City of New York (the "NYCHRL").

    2.    Injunctive and declaratory relief, damages and other appropriate legal and equitable relief, including front pay, are sought pursuant to the above-referenced statutes.

    3.    Plaintiffs filed charges of discrimination against defendant with the Equal Employment Opportunity Commission in a timely manner complaining about the discrimination alleged herein.

1

4. More than 180 number days having elapsed since the filing of plaintiffs' charges, the Equal Employment Opportunity Commission ("EEOC") issued plaintiffs notices informing them of their right to sue in federal court.

5. Plaintiffs have fully complied with all prerequisites to jurisdiction in this court under Title VII. Jurisdiction of the court is proper under 28 USC 1343(3) and 1343(4) conferring original jurisdiction upon this court of any civil action to recover damages or to secure equitable relief under any Act of Congress providing for the protection of civil rights, under the Declaratory Judgment Statute, 22 USC 2201, under 706(f)(3) of Title VII and under 42 U.S.C. 1981. Jurisdiction of the claims under the New York State Human Rights Law, the Administrative Code of the City of New York and any common law claims is invoked under the principles of pendent jurisdiction.

6. As the unlawful employment practices complained of herein occurred within the Southern District, venue is proper in this district.

## PARTIES

7. Upon information and belief, Defendant is a corporation duly authorized to do business in the State of New York.

8. Plaintiffs are Black men.

9. Plaintiff Hart was hired as a technician by defendant on December 9, 1996.

10. Caucasian employees of defendant were given regular increases in salary, while similarly situated Black and other non-Caucasian employees were not.

11. Caucasian employees of defendant were promoted, while similarly situated Black and other non-Caucasian employees were not.

12. Dan Hickey, a Caucasian employee of defendant, was promoted.

13. Peter Viejevski, a Caucasian employee of defendant, was promoted.

14. Adrian Gogoliski, a Caucasian employee of defendant, was promoted.

15. Steve DeSantos, a Caucasian employee of defendant, was promoted.

16. No Blacks were promoted during the time that plaintiffs were employed.

17. Black and other non-Caucasian employees of defendant were disciplined for alleged attendance issues, while Caucasian employees were not.

18. Plaintiff Hart complained about discriminatory treatment based on race.

19. Plaintiffs were subject to a hostile environment based on race.

20. Managerial personnel used the word "Nigger".

21. Plaintiffs complained about the use of said word by managerial personnel.

22. No appropriate action was taken in response to plaintiffs' complaints about the use of said word.

23. When plaintiff Hart complained about defendant's discriminatory practices, no appropriate actions were taken.

24. When plaintiff Hart complained about defendant's discriminatory practices, his supervisor told him that if he did not like the way he was running the company, he could go elsewhere.

25. As a result of the discriminatory environment, plaintiff Hart was forced to look for another job.

26. On August 18, 2006, plaintiff Hart advised defendant that he would be taking another job on August 25, 2006.

27. Defendant fired Plaintiff Hart on August 18, 2006.

28. In or about January, 2000, Plaintiff Thomas was hired by defendant as a technician.

29. Plaintiff Thomas complained about the discriminatory treatment by defendant based on race.

30. No appropriate actions were taken in response to his complaints.

31. In response to the complaints of plaintiff Thomas about the discriminatory treatment based on race, a supervisor of defendant told plaintiff Thomas that he was lucky to have a job and that if he did not like working at defendant he could look elsewhere.

32. On or about March 6, 2006, plaintiff Thomas complained about discriminatory treatment based on race.

33. On about March 30, 2006, defendant fired plaintiff Thomas.

34. The firing of plaintiff Thomas was in retaliation for his complaints about discriminatory conduct.

35. In retaliation for their complaints of racial discrimination, defendant opposed plaintiffs' application for unemployment benefits.

36. Upon information and belief, defendant did not oppose unemployment benefits for similarly situated Caucasian employees.

37. Upon information and belief, defendant did not oppose unemployment benefits for similarly situated employees who had not complained about racial discrimination.

38. Defendant made derogatory, demeaning and discriminatory comments about plaintiffs' race and complaints about racial discrimination.

39. At all relevant times, plaintiffs notified defendant about the discriminatory and illegal conduct.

40. At all relevant times, defendant failed to take appropriate action to prevent the discriminatory and illegal conduct.

41. At all relevant times, defendant retaliated against plaintiffs in connection with their complaints of discrimination and illegal conduct.

42. By reason of the foregoing, plaintiffs were subject to a hostile environment based on their race.

43. As a result of defendant's illegal, discriminatory acts and retaliatory acts, including but not limited to those described above, plaintiffs have suffered and will continue to suffer monetary damages unless and until this court grants relief.

## FIRST COUNT UNDER TITLE VII

44. Plaintiffs repeat all of the allegations set forth above with the same force and effect as if set forth herein.

45. Defendant has discriminated against plaintiffs in the terms and conditions of their employment on the basis of race, hostile environment and retaliation and has subjected plaintiffs to harassment in violation of Title VII.

46. Plaintiffs are now suffering and will continue to suffer irreparable injury and monetary damages as a result of defendant's discriminatory practices, unless and until this court grants relief.

## SECOND COUNT 42 USC § 1981

47. Plaintiffs repeat, reiterate and reallege each and every allegation contained

above with the same force and effect as though set forth fully herein.

48. Defendant's actions in discriminating against plaintiffs based on plaintiffs' race, hostile environment and retaliation were in violation of rights secured by 42 USC § 1981.

49. Plaintiffs are now suffering and will continue to suffer irreparable injury and monetary damages as a result of defendant's discriminatory practices, unless and until this court grants relief.

### THIRD COUNT UNDER THE NYHRL

50. Plaintiffs repeat the allegations set forth above with the same force and effect as if set forth herein.

51. The above acts and practices of defendant constitute unlawful discriminatory employment practices based on race, hostile environment and retaliation within the meaning of the New York State Human Rights Law.

52. Plaintiffs are now suffering and will continue to suffer irreparable injury and monetary damages as a result of defendant's discriminatory practices, unless and until this court grants relief.

### FOURTH COUNT UNDER THE NYCHRL

53. Plaintiffs repeat the allegations set forth above with the same force and effect as if set forth herein.

54. The above acts and practices of defendant constitute unlawful discriminatory practices based on race, hostile environment and retaliation within the meaning of Section 8-101 et seq. of the Administrative Code of the City of New York.

55. Plaintiffs are now suffering and will continue to suffer irreparable injury and monetary damages as a result of defendant's discriminatory practices, unless and until this court grants relief.

WHEREFORE, plaintiffs respectfully request that this court grant the following relief:

1. Enter a declaratory judgment that the acts and practices of Defendant complained of herein are in violation of the laws of the United States, the State of New York and the City of New York, and for such other affirmative relief as may be necessary to redress the effects of defendants' discriminatory acts, including damages for wages, pain and suffering, compensatory damages, punitive damages, attorney's fees, cost and disbursements, and legal interest thereon.

2. A money judgment, in an amount to be determined at trial, for the mental distress, anguish, pain and suffering experienced by Plaintiffs as a result of defendant's illegal employment practices and activities, as provided for by Title VII, 42 USC 1981, the HRL, the NYCHRL and the common law claims.

3. A money judgment, in an amount to be determined at trial, for punitive damages under Title VII, 42 USC 1981 and the NYCHRL, to the extent that defendant's actions were willful, intentional and malicious.

4. Award plaintiffs the cost of this action together with reasonable attorneys' fees, pursuant to Title VII, 42 USC 1981 and the NYCHRL.

5. Grant plaintiffs such other and further relief as to this court appears just and proper.

DEMAND FOR A TRIAL BY JURY

7

Pursuant to Rule 38 (b) of the Federal Rules of Civil Procedure, plaintiffs demand a trial by jury in this action.

                    Law Offices of Jonathan Weinberger
                    Attorneys for Plaintiffs
BY:
          Jonathan Weinberger (JW-2425)
          880 Third Avenue, 13th Fl.
          New York, New York 10022
          (212) 752-3380