**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

FERNANDO HART and SALEWA THOMAS,

        Plaintiffs,

   -against-

MTI COMPUTER SERVICES, INC.,

        Defendant.

---

Civil Action No.:  07 CV 8382

**DEFENDANT'S ANSWER**
**AND AFFIRMATIVE**
**DEFENSES TO PLAINTIFFS'**
**COMPLAINT**

---

    Defendant, MTI Computer Services, Inc. ("Defendant"), by and through its undersigned counsel, hereby submits its Answer and Affirmative Defenses to the Complaint ("Complaint") filed by Plaintiffs Fernando Hart ("Hart") and Salewa Thomas ("Thomas") (collectively referred to as "Plaintiffs") and states as follows:

**AS AND FOR "JURISDICTION AND VENUE"**

    1.  Defendant denies each and every allegation set forth in Paragraph "1" of the Complaint, except admits that Plaintiffs purport to bring this action pursuant to Title VII of the Civil Rights Act of 1964, as amended, the Civil Rights Act of 1871, 42 U.S.C. §1981, the New York State Human Rights Law and the Administrative Code of the City of New York.

    2.  Defendant denies each and every allegation set forth in Paragraph "2" of the Complaint, except admits that Plaintiffs allege that they seek injunctive and declaratory relief, damages and other legal and equitable relief, including front pay.

    3.  Defendant denies each and every allegation set forth in Paragraph "3" of the Complaint, except avers that on or about September 26, 2006, Hart filed a charge of discrimination with the United States Equal Employment Opportunity Commission ("EEOC") and on or about September 12, 2006, Thomas filed a charge of discrimination with the EEOC.

4.    Defendant denies each and every allegation set forth in Paragraph "4" of the Complaint, except admits the EEOC issued to each Plaintiff a Notice of Right to Sue which stated more than 180 days had passed since the filing of their respective charges.

5.    No response is required to the allegations contained in Paragraph "5" of the Complaint to the extent they contain conclusions of law.  To the extent a response is required, Defendant denies each and every allegation set forth in Paragraph "5" of the Complaint, except admits Plaintiffs allege they "have fully complied with all prerequisites to jurisdiction in this court under Title VII, [and that] [j]urisdiction of the court is proper under 28 USC 1343(3) and 1343(4) conferring original jurisdiction upon this court of any civil action to recover damages or to secure equitable relief under any Act of Congress providing for the protection of civil rights, under the Declaratory Judgment Statute, 22 USC 2201, under 706(f)(3) of Title VII and under 42 U.S.C. 1981 [and that] [j]urisdiction of the claims under the New York State Human Rights Law, the Administrative Code of the City of New York and any common law claims is invoked under the principles of pendent jurisdiction."

6.    Defendant denies each and every allegation set forth in Paragraph "6" of the Complaint, except Defendant does not challenge venue in this district.

## AS AND FOR "PARTIES"

7.    Defendant admits the allegations set forth in Paragraph "7" of the Complaint.

8.    Defendant admits the allegations set forth in Paragraph "8" of the Complaint, based upon information and belief.

9.    Defendant admits the allegations set forth in Paragraph "9" of the Complaint.

10.    Defendant denies each and every allegation set forth in Paragraph "10" of the Complaint.

11.    Defendant denies each and every allegation set forth in Paragraph "11" of the Complaint.

12.    Defendant denies each and every allegation set forth in Paragraph "12" of the Complaint, except admits Dan Hickey (Caucasian) received a promotion.

13.    Defendant denies each and every allegation set forth in Paragraph "13" of the Complaint, except admits Piotr Wicijewski (Caucasian) received a promotion.

14.    Defendant denies each and every allegation set forth in Paragraph "14" of the Complaint, except avers Adrian Gogolinski (Caucasian) was assigned a new position in August 2004.

15.    Defendant denies each and every allegation set forth in Paragraph "15" of the Complaint, except admits Steven DeSanto (Caucasian) was promoted.

16.    Defendant denies each and every allegation set forth in Paragraph "16" of the Complaint.

17.    Defendant denies each and every allegation set forth in Paragraph "17" of the Complaint.

18.    Defendant denies each and every allegation set forth in Paragraph "18" of the Complaint.

19.    Defendant denies each and every allegation set forth in Paragraph "19" of the Complaint.

20.    Defendant denies each and every allegation set forth in Paragraph "20" of the Complaint.

21.     Defendant denies each and every allegation set forth in Paragraph "21" of the Complaint.

22.     Defendant denies each and every allegation set forth in Paragraph "22" of the Complaint.

23.     Defendant denies each and every allegation set forth in Paragraph "23" of the Complaint.

24.     Defendant denies each and every allegation set forth in Paragraph "24" of the Complaint.

25.     Defendant denies each and every allegation set forth in Paragraph "25" of the Complaint.

26.     Defendant denies each and every allegation set forth in Paragraph "26" of the Complaint, and avers that on August 18, 2006, Hart informed Defendant that he was voluntarily resigning his employment and that his last day of work would be August 25, 2006.

27.     Defendant denies each and every allegation set forth in Paragraph "27" of the Complaint, except avers that after Hart informed Defendant he was voluntarily resigning his employment, Defendant decided not to allow Plaintiff to remain employed through August 25, 2006 and, instead, decided to terminate his employment effective immediately.

28.     Defendant denies each and every allegation set forth in Paragraph "28" of the Complaint, and avers that on or about January 17, 2000, Defendant hired Thomas as a Service Technician.

29.     Defendant denies each and every allegation set forth in Paragraph "29" of the Complaint.

30.    Defendant denies each and every allegation set forth in Paragraph "30" of the Complaint.

31.    Defendant denies each and every allegation set forth in Paragraph "31" of the Complaint.

32.    Defendant denies each and every allegation set forth in Paragraph "32" of the Complaint.

33.    Defendant admits the allegations set forth in Paragraph "33" of the Complaint.

34.    Defendant denies each and every allegation set forth in Paragraph "34" of the Complaint.

35.    Defendant denies each and every allegation set forth in Paragraph "35" of the Complaint.

36.    Defendant denies each and every allegation set forth in Paragraph "36" of the Complaint.

37.    Defendant denies each and every allegation set forth in Paragraph "37" of the Complaint.

38.    Defendant denies each and every allegation set forth in Paragraph "38" of the Complaint.

39.    Defendant denies each and every allegation set forth in Paragraph "39" of the Complaint.

40.    Defendant denies each and every allegation set forth in Paragraph "40" of the Complaint.

41.    Defendant denies each and every allegation set forth in Paragraph "41" of the Complaint.

42.    Defendant denies each and every allegation set forth in Paragraph "42" of the Complaint.

43.    Defendant denies each and every allegation set forth in Paragraph "43" of the Complaint.

## AS AND FOR THE "FIRST COUNT UNDER TITLE VII"

44.    Defendant repeats and reiterates its answers, denials and averments to Paragraphs "1" through "43" of the Complaint, inclusive, as if set forth fully herein in response to Paragraph "44" of the Complaint.

45.    Defendant denies each and every allegation set forth in Paragraph "45" of the Complaint.

46.    Defendant denies each and every allegation set forth in Paragraph "46" of the Complaint.

## AS AND FOR THE "SECOND COUNT 42 USC § 1981"

47.    Defendant repeats and reiterates its answers, denials and averments to Paragraphs "1" through "46" of the Complaint, inclusive, as if set forth fully herein in response to Paragraph "47" of the Complaint.

48.    Defendant denies each and every allegation set forth in Paragraph "48" of the Complaint.

49.    Defendant denies each and every allegation set forth in Paragraph "49" of the Complaint.

## AS AND FOR THE "THIRD COUNT UNDER THE NYHRL"

50.    Defendant repeats and reiterates its answers, denials and averments to Paragraphs "1" through "49" of the Complaint, inclusive, as if set forth fully herein in response to Paragraph "50" of the Complaint.

51.    Defendant denies each and every allegation set forth in Paragraph "51" of the Complaint.

52.    Defendant denies each and every allegation set forth in Paragraph "52" of the Complaint.

## AS AND FOR THE "FOURTH COUNT UNDER THE NYCHRL"

53.    Defendant repeats and reiterates its answers, denials and averments to Paragraphs "1" through "52" of the Complaint, inclusive, as if set forth fully herein in response to Paragraph "53" of the Complaint.

54.    Defendant denies each and every allegation set forth in Paragraph "54" of the Complaint.

55.    Defendant denies each and every allegation set forth in Paragraph "55" of the Complaint.

## AS AND FOR AFFIRMATIVE AND OTHER DEFENSES

As further Answer to the Complaint, Defendant asserts the following affirmative defenses, each of which is a bar to Plaintiffs' claims. Defendant reserves the right to assert additional affirmative defenses as they may become known during the course of discovery and trial preparation or otherwise. Defendant asserts the following affirmative defenses without assuming any burden of production or proof that it would not otherwise have.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

56.   The Complaint fails, in whole or in part, to state a claim upon which relief can be granted or for which the damages sought can be awarded.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

57.   Each and every action taken by Defendant was taken for a legitimate, non-discriminatory, non-retaliatory business reason and was based on reasonable factors other than Plaintiffs' race and/or any complaints they alleged to have made and would have been taken regardless of Plaintiff's race and/or any complaints they alleged to have made.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

58.   At all times relevant hereto, Defendant acted reasonably and in good faith toward Plaintiffs and did not violate any rights which may be secured to Plaintiffs under any federal, state or local law, rule, ordinance, regulations, constitution or guidelines.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

59.   Plaintiffs' claims for damages are barred or should be reduced in that they have failed to use reasonable diligence to mitigate their alleged damages.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

60.   Defendant is not liable for punitive damages because Defendant made good faith efforts to comply with all federal, state and local laws, rules, regulations and ordinances, and the New York City Human Rights Law and did not commit, ratify, authorize or acquiesce in any malicious, willful or reckless act.

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

61.   There is no factual or legal basis for the imposition of punitive damages.

## AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

62.    Defendant has established and complied with policies, programs and procedures for the prevention and detection of unlawful discriminatory practices by its agents and employees.

## AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

63.    The Complaint is barred, in whole or in part, because Defendant exercised reasonable care to prevent and promptly correct any alleged discriminatory and/or retaliatory behavior.

## AS AND FOR A NINTH AFFIRMATIVE DEFENSE

64.    The Complaint is barred, in whole or in part, because Plaintiffs unreasonably failed to take advantage of Defendant's corrective opportunities or to avoid harm otherwise.

## AS AND FOR A TENTH AFFIRMATIVE DEFENSE

65.    Plaintiffs are not entitled to a trial by jury as to any issue of law or fact relating to Plaintiffs' alleged entitlement to any form of equitable relief, including back pay, front pay, reinstatement or any other form of equitable relief Plaintiffs may seek in this action.

## AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE

66.    Plaintiffs' claims for damages are barred, in whole or in part, pursuant to the after-acquired evidence doctrine.

## AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE

67.    Plaintiff's claims under the New York City Administrative Code should be dismissed to the extent that Plaintiff has failed to fulfill the jurisdictional prerequisites to suit thereunder.

## AS AND FOR A THIRTEENTH AFFIRMATIVE DEFENSE

68.    The Complaint fails to set forth a claim under 42 U.S.C. §1981 because no contract (oral or written, express or implied) between either Plaintiff and Defendant existed at any time relevant to Plaintiffs' action.

## AS AND FOR A FOURTEENTH AFFIRMATIVE DEFENSE

69.    Plaintiffs' claims are barred, in whole or in part, by the applicable statute of limitations.

**WHEREFORE,** Defendant respectfully requests that the Court:

1.    Dismiss the Complaint in its entirety, with prejudice;

2.    Deny each and every demand, claim and prayer for relief contained in the Complaint;

3.    Award Defendant reasonable attorneys' fees and costs incurred in defending against this meritless action; and

4.    Grant such other and further relief as the Court deems just and proper.

Respectfully submitted,

JACKSON LEWIS LLP
59 Maiden Lane, 39th Floor
New York, New York 10038-4502
(212) 545-4000

Dated: December 4, 2007
New York, New York

By: _____
Jennifer B. Courtian (JC 3165)
Allison C. Spivak (AS 1628)

ATTORNEYS FOR DEFENDANT

## CERTIFICATE OF SERVICE

I hereby certify that on December 5, 2007, Defendant's Answer And Affirmative Defenses To Plaintiffs' Complaint was filed electronically and served upon Plaintiffs' counsel of record, Jonathan Weinberger, Esq. via electronic case filing at jweinberger@verizon.net. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. Parties may access this filing through the Court's system.

_____
Allison C. Spivak, Esq.