USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 3/11/08

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

FERNANDO HART and SALEWA THOMAS,

　　　　　Plaintiffs,

-against-

MTI COMPUTER SERVICES, INC.,

　　　　　Defendant.

---

Civil Action No.: 07 CV 8382 (RJH)

**CIVIL CASE MANAGEMENT PLAN**

RICHARD J. HOLWELL
UNITED STATES DISTRICT COURT JUDGE

　　　　After consultation with counsel for the parties, the following Case Management Plan is adopted. This plan is also a scheduling order pursuant to the Rules 16 and 26(f) of the Federal Rules of Civil Procedure.

　　　　1.　Description of the Case

　　　　　　a.　Identify the attorneys of record for each party, including lead trial attorney

Jonathan Weinberger, Lead Trial Attorney
Law Offices of Jonathan Weinberger
880 Third Avenue, 13th Floor
New York, New York 10022
(212) 752-3380
ATTORNEYS FOR PLAINTIFFS

Jennifer B. Courtian, Lead Trial Attorney
Allison C. Spivak
Jackson Lewis LLP
59 Maiden Lane
New York, New York 10038-4502
(212) 545-4000
ATTORNEYS FOR DEFENDANT

　　　　　　b.　State the basis for federal jurisdiction

　　　　　　　　Plaintiff alleges this Court has federal question jurisdiction based on his assertion of claims under Title VII, 42 USC § 1981

　　　　　　c.　Briefly describe the claims asserted in the complaint and any counterclaims

　　　　　　　　Plaintiffs claim that defendant discriminated against them in the terms and conditions of their employment based on their race, created a hostile environment concerning same,

and retaliated against plaintiffs concerning their complaints of discrimination

Defendant has not asserted any counterclaims.

    d.    State the major legal and factual issues in the case

The issues to be tried are: (1) whether Plaintiffs can establish *prima facie* cases of unlawful discrimination in the terms and conditions of employment, including failure to promote, wage discrimination, hostile environment or retaliation including retaliatory firing; (2) whether Plaintiffs can establish all of the elements of hostile work environment claims; (3) whether Defendant can avail itself of the affirmative defenses to a hostile work environment claim because it established and complied with policies, programs and procedures for the prevention and detection of unlawful discriminatory practices by its agents and employees, it exercised reasonable care to prevent and promptly correct any alleged discriminatory and/or retaliatory behavior and Plaintiffs unreasonably failed to take advantage of Defendant's corrective opportunities or to avoid harm otherwise; (4) whether Plaintiffs can establish *prima facie* cases of unlawful retaliation; (5) whether Defendant can establish it had legitimate, non-discriminatory, non-retaliatory reasons for its actions; (6) whether Plaintiffs can establish that Defendant's proffered legitimate nondiscriminatory, non-retaliatory reasons for its actions were pretextual, and that the real reason for its actions was intentional discrimination or retaliation; (7) whether Plaintiffs have suffered any damages as a result of Defendant's alleged conduct and, if so, the value of such damages; and (8) whether Plaintiffs failed to mitigate any of their alleged damages; and (9) whether Plaintiff Hart's damages should be cut-off based on the after-acquired evidence doctrine.

    e.    Describe the relief sought.

Plaintiff seeks monetary damages, including lost wages and benefits, emotional distress and punitive damages.

2.    Proposed Case Management Plan

    a.    Identify all pending motions

None.

  b. Propose a cutoff date for joinder of additional parties

    March 18, 2008

  c. Propose a cutoff date for amendments to pleadings

    April 30, 2008

  d. Propose a schedule for completion of discovery, including

    i. A date for Rule 26(a)(1) disclosures, if not previously completed

     March 21, 2008

    ii. A fact discovery completion date

     September 5, 2008

    iii. A date for Rule 26(A)(2) disclosures

     Plaintiff to identify experts and produce expert reports by July 10, 2008. Defendant to identify experts and produce reports by August 11, 2008. Plaintiff's rebuttal reports, if any, by August 21, 2008. Defendant's sur-rebuttal reports, if any, by September 2, 2008.

    iv. An expert discovery completion date

     September 5, 2008.

  e. Propose a date for filing dispositive motions

    October 7, 2008

  f. Propose a date for filing a final pretrial order

    November 7, 2008

  g. Propose a trial schedule, indicating

    i. A jury trial is requested

    ii. The probable length of trial

     4 days

    iii. When the case will be ready for trial.

After November 7, 2008 and after Defendant's summary judgment motion is decided.

    3.    Consent to Proceed Before a Magistrate Judge:    Indicate whether the parties consent unanimously to proceed before a Magistrate Judge.

No

*[handwritten: 5. The conference set on 3/14/08 is cancelled.]*

4. Status of Settlement Discussions

    a.    Indicate whether any settlement discussions have occurred

*[handwritten: 5. A status conference shall be held on 9/12/08 at 10:30 a.m. RJH]*

The parties have not engaged in any settlement discussions to date.

    b.    Describe the status of any settlement discussions

See above.

    c.    Whether the parties request a settlement conference

At an appropriate time, the parties will request a settlement conference.

Respectfully submitted,

LAW OFFICES OF JONATHAN WEINBERGER
880 Third Avenue, 13th Floor
New York, New York 10022
(212) 752-3380

By: _____
Jonathan Weinberger

Dated: 2/29/08
ATTORNEYS FOR PLAINTIFFS

JACKSON LEWIS LLP
59 Maiden Lane
New York, New York 10038-4502
(212) 545-4000

By: _____
Jennifer Courtian
Allison C. Spivak

Dated: 2/28/08
ATTORNEYS FOR DEFENDANT

SO ORDERED:
_____
RICHARD J. HOLWELL
UNITED STATES DISTRICT COURT JUDGE
3/11/08