

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 5/30/08



RECEIVED
MAY 23 2008
CHAMBERS OF
RICHARD J. HOLWELL

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------X

FERNANDO HART and SALEWA THOMAS,

　　　　　　　　Plaintiffs,

-against-

MTI COMPUTER SERVICES, INC.,

　　　　　　　　Defendant.

------------------------------------------------------X

Civil Action No.: 07 CV 8382 (RJH)

**STIPULATION AND ORDER FOR THE PROTECTION AND EXCHANGE OF CONFIDENTIAL INFORMATION AND DOCUMENTS**

　　　　IT IS HEREBY STIPULATED AND AGREED by and between counsel for Plaintiffs Fernando Hart and Salewa Thomas ("Plaintiffs") and Defendant MTI Computer Services, Inc. ("Defendant"), through their undersigned counsel, as follows:

　　　　1.　　Any party may designate as "Confidential Matter" any document or information which it, in good faith, believes is confidential business or personal information. The entering into this Stipulation shall not constitute an acknowledgement by the parties that material designated as "Confidential Matter" is in fact confidential and such designation shall have no precedential or evidentiary value. The parties are entering into this Stipulation in order to facilitate discovery.

　　　　2.　　Any material designated as "Confidential Matter" shall be used solely for the purposes of litigating this lawsuit and not for any other purpose, lawsuit, action or proceeding. However, nothing contained herein shall prohibit the Defendant from using confidential documents produced in this lawsuit in the operation of its business.

　　　　3.　　No designation of confidentiality shall be made unless the designating party believes in good faith that it is significant to the interest of the party that the designated

matter is kept confidential and that the party would consider this matter, in the absence of litigation, to be confidential.

4. This Stipulation and Order of Confidentiality will extend to any information or materials derived from a source other than a party to this litigation if that source was contacted solely in regard to this litigation, and if the information or materials was improperly obtained by that source and the information or material received from that source is the same in substance as information or material previously provided by a party and designated as "Confidential Matter."

5. No designation of "Confidential Matter" shall be effective unless there is placed or affixed on each document or group of documents (in such manner as will not interfere with the legibility thereof) a "CONFIDENTIAL" notice or the equivalent. Any confidential designation which is inadvertently omitted prior or subsequent to the entry of this Stipulation and Order of Confidentiality may be corrected by written notification to the opposing party.

6. "Confidential Matter" may not be disclosed by any person to anyone other than to the following: (i) the Court; (ii) counsel for the parties; (iii) employees of counsel for the parties to this litigation including associate attorneys, paralegals, litigation assistants, and secretarial, stenographic and clerical personnel assisting such counsel in this action; (iv) Defendant; (v) Plaintiff(s); (vi) non-party deponents; (vii) employees of Defendant and other persons designated by counsel for either party; and (viii) expert witnesses, provided, however, that disclosure of "Confidential Matter" to any such individual will be restricted to such "Confidential Matter" as counsel for the parties reasonably and in good faith believe need be disclosed to the individual in order for counsel for the parties properly to prepare the case for trial.

2

7.  Any information or material designated "Confidential Matter" shall be disclosed only to those persons designated in paragraph 6 (vii) and (viii): (a) who shall have read this Stipulation; and (b) who, prior to the receipt of any "Confidential Matter" shall agree to be bound by the terms hereof. After such person has read the Stipulation and Order of Confidentiality, he or she shall be required to sign a copy of the Stipulation and Order of Confidentiality acknowledging that he or she shall abide by its terms. The parties agree to obtain and retain a signed copy of the Stipulation and Order of Confidentiality, employees of Defendant or other persons designated by counsel, and expert witnesses to whom "Confidential Material" is disclosed. Nothing herein shall prevent disclosure beyond the terms of this Stipulation and Order of Confidentiality if the party claiming confidentiality consents in writing to such disclosure, or if the party seeking such disclosure, upon timely notice to the other parties, receives the approval of the Court.

8.  If any party or counsel wishes to use or inquire into "Confidential Matter" at any deposition, the portion of the deposition transcript that relates to the "Confidential Matter" shall be designated and treated as "Confidential Matter" and shall be subject to the confidentiality/protective provisions herein.

9.  Any party may apply to the Court for a ruling that deposition testimony or a document (or category of documents) designated as "Confidential Matter" is not entitled to such status and protection. The party or other person that designated the document as "Confidential Matter" shall be given notice of the application and an opportunity to respond.

10. In the event that Plaintiffs or Defendant wishes to file any "Confidential Matter" with the Court prior to trial, the party wishing to do so shall: (1) file said "Confidential Matter" pursuant to any court established directions or procedures; or (2) in the absence of any

3

court established directions or procedures, take steps necessary to ensure that the "Confidential Matter" is filed under seal and is maintained by the Court under seal until further Order of the Court.

11.     The specification of appropriate safeguards concerning evidence at trial is specifically reserved for action by the Court or later agreement by the parties at or before trial.

12.     If "Confidential Matter" or information in the possession of a receiving party is subpoenaed by any court, administrative or legislative body, or any other person or organization purporting to have authority to subpoena such data or information, the party to whom the subpoena is directed shall immediately notifying the requesting person or entity of this Stipulation, shall provide the requesting person or entity a copy of this Stipulation and, in any event, shall not provide or otherwise disclose such documents or information without first notifying counsel for the producing party, as appropriate, in writing of: (1) the information and documentation which is requested for production in the subpoena; (2) the date on which compliance with the subpoena is requested; (3) the location at which compliance with the subpoena is requested; (4) the identity of the party serving the subpoena; and (5) the case name, jurisdiction and index, docket, complaint, charge, civil action or other identification number or other designation identifying the litigation, administrative proceeding or other proceeding in which the subpoena has been issued. A party receiving such subpoena agrees to notify the other party within five (5) business days if such party is compelled by subpoena or court order, or otherwise contacted by any third parties, to appear and testify concerning matters encompassed by this paragraph. Such party also agrees that it will not contest the other party's standing to move to quash such subpoena.

13. This Stipulation and Order of Confidentiality is intended only to govern the procedures for disclosure of confidential documents, material and information. Nothing contained in this Stipulation and Order of Confidentiality is intended to, or shall be construed to, waive any objections by any party, including, but not limited to, objections on the grounds of privilege and/or confidentiality, to any requests for discovery by any other party in this action.

14. Nothing contained in this Stipulation and Order of Confidentiality shall be construed to prevent any party from making applications to the Court for revision of the terms of this Stipulation and Order of Confidentiality.

15. At the termination of this litigation, all originals and copies of "Confidential Matter" and all originals and copies of excerpts thereof shall be retrieved by the producing party or, at the option of the producing party, be destroyed within thirty (30) business days of the termination of the litigation. If the producing party does not retrieve the documents within 30 days, then the other party may destroy the documents.

**Submitted by and agreed to for and on behalf of all parties:**

| LAW OFFICES OF JONATHAN WEINBERGER | JACKSON LEWIS LLP |
|---|---|
| 880 Third Avenue, 13th Floor | 59 Maiden Lane |
| New York, New York 10022 | New York, New York 10038 |
| (212) 752-3380 | (212) 545-4000 |

By: /s/ Jonathan Weinberger 5/30/08

By: /s/ Jennifer B. Courtian / Allison C. Spivak

ATTORNEYS FOR PLAINTIFFS
FERNANDO HART and SALEWA THOMAS

ATTORNEYS FOR DEFENDANTS
MTI COMPUTER SERVICES, INC.

SO ORDERED THIS 28

DAY OF MAY, 2008

/s/
Honorable Richard J. Holwell
United States District Judge

5